**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| **VEXAS CORP. d/b/a ATLAS,**<br>**Plaintiff,**<br>**v.**<br>**UNITED STATES; U.S. CUSTOMS AND BORDER PROTECTION; and ERIC CHOY, in his official capacity as Executive Director, Trade Remedy Law Enforcement Directorate, Office of Trade, U.S. Customs and Border Protection,**<br>**Defendants,**<br>**and**<br>**AMERICAN PERSONAL TRANSPORTATION VEHICLE MANUFACTURERS COALITION,**<br>**Defendant-Intervenor.** | **Before: Hon. Leo M. Gordon, Judge**<br><br>**Court No. 26-03809** |

**DEFENDANT-INTERVENOR AMERICAN PERSONAL TRANSPORTATION VEHICLE MANUFACTURERS COALITION'S ANSWER TO PLAINTIFF'S COMPLAINT**

Pursuant to Rule 7(a) of the Rules of the Court of International Trade and the Court's Order of September 29, 2026, ECF No. 52, Defendant-Intervenor American Personal Transportation Vehicle Manufacturers Coalition ("Coalition") responds to the allegations of the Complaint of Plaintiff Vexas Corp. d/b/a Atlas ("Atlas") as follows:

**Introduction[1]**

1. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds

[1] For consistency and ease of reference, the headings in this Answer (except for the Affirmative Defenses heading) are taken from the headings in the Complaint. To the extent a response is required to these headings, admitted to the extent supported by the Administrative Record, otherwise denied.

as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

2. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent the paragraph recites the quoted decision, otherwise denied.

3. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent the paragraph recites the quoted decision, otherwise denied.

4. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent supported by the Administrative Record, otherwise denied.

5. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent the paragraph recites the quoted decision, otherwise denied.

6. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

7. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent the paragraph recites the quoted decision, otherwise denied.

8. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

**The Parties**

9. Admitted that Plaintiff is a U.S.-based importer of record and ultimate consignee of imported merchandise headquartered in Austin, Texas, with operations in Williston, South Carolina. For the remainder of this paragraph, admitted to the extent supported by the Administrative Record, otherwise denied.

10. Admitted.

11. Admitted.

12. Admitted to the extent the paragraph identifies Defendant Eric Choy's title and office location. For the remainder of the paragraph, admitted to the extent supported by the Administrative Record, otherwise denied.

## Jurisdiction

13. The Coalition acknowledges (1) the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, and (2) the Court's analysis in *ICON EV LLC v. United States*, 840 F. Supp. 3d 600 (Ct. Int'l Trade 2026). But to preserve its rights on appeal, the Coalition responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent the paragraph recites the cited decision, otherwise denied.

14. The Coalition acknowledges (1) the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, and (2) the Court's analysis in *ICON EV LLC v. United States*, 840 F. Supp. 3d 600 (Ct. Int'l Trade 2026). But to preserve its rights on appeal, the Coalition responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent the paragraph recites the quoted statute, otherwise denied.

15. The Coalition acknowledges (1) the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, and (2) the Court's analysis in *ICON EV LLC v. United States*, 840 F. Supp. 3d 600 (Ct. Int'l Trade 2026). But to preserve its rights on appeal, the Coalition responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent the paragraph recites the referenced statutes, otherwise denied.

16. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

17. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent the paragraph recites the quoted decision, otherwise denied.

18. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent the paragraph recites the quoted statute, otherwise denied.

19. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

**Background**

20. Admitted that Plaintiff is a U.S.-based importer of record and ultimate consignee of imported merchandise headquartered in Austin, Texas, with operations in Williston, South Carolina. For the remainder of this paragraph, admitted to the extent supported by the Administrative Record, otherwise denied.

21. Admitted to the extent supported by *Certain Low-Speed Personal Transportation Vehicles From the People's Republic of China*, 90 Fed. Reg. 38,759 (Dep't Commerce Aug. 12, 2025) (amended final antidumping duty deter. and antidumping duty order; amended final deter. of countervailing duty inv. and countervailing duty order) ("Orders"), otherwise denied.

22. Admitted to the extent supported by the Orders, otherwise denied.

23. Admitted to the extent supported by the Orders, otherwise denied.

24. This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent Plaintiff admits its merchandise is covered by the Orders, otherwise denied.

25. This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

26. This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent supported by the Administrative Record, otherwise denied.

27. This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent supported by the Administrative Record, otherwise denied. The Coalition denies any implication that Plaintiff did not engage in evasion.

28. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent supported by the Administrative Record, otherwise denied.

29. Admitted to the extent supported by the Administrative Record, otherwise denied.

30. Admitted to the extent supported by the Administrative Record and the Orders, otherwise denied.

31. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent supported by the Administrative Record, otherwise denied.

32. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

33. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent supported by the Administrative Record, otherwise denied. The Coalition denies any implication that Customs lacked reasonable suspicion to impose the interim measures.

34. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

35. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

**COUNT I**

36. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: The Coalition incorporates its answers to paragraphs 1–35 by reference.

37. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent the paragraph recites the quoted decision, otherwise denied.

38. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent the paragraph recites the factors prescribed by the referenced decision, otherwise denied.

39. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent the paragraph recites the quoted decision, otherwise denied.

40. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is

required. To the extent a response is required, admitted to the extent the paragraph recites the quoted decision and the general standard applicable under EAPA, otherwise denied.

41. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

42. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

43. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

**COUNT II**

44. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: The Coalition incorporates its answers to paragraphs 1–43 by reference.

45. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent the paragraph recites the quoted

statute and recognizes the existence of reasonable suspicion justifying the interim measures, otherwise denied.

46. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

47. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

## COUNT III

48. The Coalition incorporates its answers to paragraphs 1–47 by reference.

49. This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent the paragraph recites the quoted statute, otherwise denied.

50. This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

51. This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

## DEFENSES

1. **<u>Subject-Matter Jurisdiction</u>**: The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52,

but to preserve its rights on appeal, responds as follows: The Court lacks subject-matter jurisdiction over this action under 28 U.S.C. § 1581(i) because "jurisdiction under another subsection of § 1581 *is or could have been available.*" *Norcal/Crosseti Foods, Inc. v. United States*, 963 F.2d 356, 358 (Fed. Cir. 1992); *see also* ECF No. 34 at 27–33.

2. **<u>Failure to State a Claim</u>**: The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of September 29, 2026, ECF No. 52, but to preserve its rights on appeal, responds as follows: The Complaint fails to state a claim upon which relief can be granted because STAR EV was not denied due process of law and because reasonable suspicion existed to justify Customs's imposition of interim measures under EAPA.

**PRAYER FOR RELIEF**

WHEREFORE, the Coalition respectfully requests that the Court dismiss this action, enter judgment in favor of Defendants and the Coalition, and/or grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*<u>/s/ Derick G. Holt, Esq.</u>*
Robert E. DeFrancesco, III, Esq.
Derick G. Holt, Esq.
Theodore P. Brackemyre, Esq.
Rebecca J. Fiebig, Esq.
Joel S. Nolette, Esq.
Kahlil H. Epps, Esq. (*admission pending*)

**WILEY REIN LLP**
2050 M Street NW
Washington, DC 20036
(202) 719-7000

*Counsel to the American Personal Transportation Vehicle Manufacturers Coalition*

Dated: October 20, 2026